Smith v. Kola et al Doc. 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SMITH,

    Plaintiff,

v.

CORRECTIONAL OFFICER KOLA *et al.*,

    Defendants.

Case No. C07-5231FDB

ORDER TO AMEND THE COMPLAINT

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been given leave to proceed *in forma pauperis*. The proposed complaint has a number of defects that must be corrected.

    Plaintiff's proposed complaint identifies two or three defendants (Dkt. # ). In the caption plaintiff names Correctional Officer Kola, The Stafford Creek Corrections Center, and the Attorney General of the State of Washington, Rob M. McKenna (Dkt. # 1). In the body of the complaint plaintiff names Officer Kola and Rob McKenna, but not the Stafford Creek Corrections Center (Dkt.

ORDER PAGE 1

# 1, page 2 and 3). Plaintiff needs to clarify who the defendants are.

The complaint suffers from other defects. Plaintiff alleges officer Kola "violated state law of aggrvate[sic] assault and battery, alleges an unlawful offer attempt to injure another with apperent[sic] present ability to effectuate the attempt under circumstances creating fear of imminent peril." (Dkt. # 1, page 3 Section IV.).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

The amended complaint needs to contain short, concise factual allegations, not conclusions and accusations. The factual allegations must contain enough information for the court and the defendants to identify what specific conduct or event is at issue and who the defendants are relative to that conduct or event.

Plaintiff is **ORDERED** to file an amended complaint. The amended complaint will act as a complete substitute for the original and must be received on or before **June, 8, 2007** or the court will enter a Report and Recommendation that this action be dismissed.

Plaintiff is reminded he must submit a copy of the complaint and a filled out Marshal's service form for each defendant if he expects the court to order the United States Marshals Service to

ORDER PAGE 2

1  attempt service by mail.

2      The Clerk is directed to send a copy of this Order to plaintiff**, and note the due date**
3  **for the amended complaint as June 8, 2007.**

5      DATED this 14 day of May, 2007.

8                                       /S/ *J. Kelley Arnold*
                                      J. Kelley Arnold
                                      United States Magistrate Judge

28 ORDER PAGE 3