1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT SMITH Jr.,

                    Plaintiff,

          v.

C/O KOLA *et al.*,

                    Defendants.

Case No.  C07-5231FDB

REPORT AND
RECOMMENDATION

**NOTED FOR:
OCTOBER 26, 2007**

     This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge

pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and

MJR 4.  The court initially screened this action and granted plaintiff's *in form pauperis* application (Dkt. # 3).

Subsequently, the court learned that Mr. Smith has another case pending where the State Attorney General's

Office had moved to have plaintiff's *in forma pauperis* status revoked.   Smith v State of Washington, 07-

CV-5135FDB/KLS.  The basis for the motion was that plaintiff did not disclose to the court the actual

number of actions he had filed or the fact that he had on three or more occasions had cases dismissed as

strikes pursuant to 28 U.S.C. 1915 (g).

     In Smith v State of Washington, 07-CV-5135FDB/KLS the Magistrate Judge entered a Report and

Recommendation to revoke plaintiff's  *in forma pauperis* status (Smith v State of Washington, 07-CV-

5135FDB/KLS Dkt. # 25).  That Report and Recommendation is still pending.

     This court entered an order to show cause why plaintiff's *in forma pauperis* status should not be

revoked (Dkt. # 17).  Plaintiff has responded and argues he is filing a response under duress, that he now has a

contract with this court because a partial filing fee has been collected and service was ordered (Dkt. # 21).

Plaintiff also argues it is the court's duty to prove he is the same Robert Smith Jr. against whom the 28 U.S.C. 1915 (g) strikes were entered.

Magistrate Judge Strombom has already considered the propriety of the strikes entered against Mr. Smith.  She addressed that issue in the Report and Recommendation (Smith v State of Washington, 07-CV-5135FDB/KLS Dkt. # 25). In determining if Mr. Smith had prior strikes Judge Strombom considered the motion to dismiss filed by the Washington State Attorney General's Office and over 60 pages of exhibits showing plaintiff's litigation history (Smith v State of Washington, 07-CV-5135FDB/KLS Dkt. # 17).

## DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Smith has filed multiple cases and Judge Strombom has found that on at least four occasions those actions were dismissed with the dismissal counting as a strike.  Plaintiff's *in forma pauperis* status in this action was erroneously granted as plaintiff did not disclose his prior litigation history.

**Plaintiff's *in forma pauperis* status should be revoked and plaintiff should be given 30 days to pay the full $350 dollar filing fee, less any amount collected by the court to date.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 26, 2007**, as noted in the caption.

DATED this 28 day of September, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge